UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ALYSSA LOCKHART WAGUESPACK                    CIVIL ACTION

VERSUS                                        NO. 26-1223

STAR DENTAL PARTNERS, LLC, *et al.*           SECTION M (4)


**ORDER & REASONS**

Before the Court is a motion to remand filed by plaintiff Alyssa Lockhart Waguespack, DDS ("Lockhart").[1]  Defendant Star Dental Partners, LLC ("Star Dental Partners") responds in opposition,[2] Lockhart replies in further support of her motion,[3] and Star Dental Partners offers a surreply.[4]  Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion, finding there is no diversity subject-matter jurisdiction because Lockhart has shown a reasonable basis that Louisiana law will impose liability on Stephen B. Hill DDS PPO, A Professional Dental Corporation ("Hill Dental Corporation"), a nondiverse defendant.  However, because Star Dental Partners had an objectively reasonable basis for removing the action, the Court will not award attorney's fees to Lockhart.

## I.    BACKGROUND

Lockhart instituted this action against Star Dental Partners and Hill Dental Corporation on June 3, 2026 in Orleans Parish civil district court.[5]  She seeks recovery of unpaid wages, penalty wages, attorney's fees, judicial interest, and court costs under the Louisiana Wage Payment Act

---

[1] R. Doc. 6.
[2] R. Doc. 9.
[3] R. Doc. 10.
[4] R. Doc. 14.
[5] R. Doc. 1-1 at 1.

(the "LWPA"), La. R.S. 23:631-653.[6]  For purposes of diversity jurisdiction, Lockhart and Hill Dental Corporation are citizens of Louisiana, while Star Dental Partners is not.[7]

This dispute arises out of Lockhart's former employment at a dental office in Covington, Louisiana, which she says operates under the trade name MoreSMILES Dental Spa ("MoreSMILES").[8]  Lockhart alleges that, prior to 2024, MoreSMILES was owned and operated by Dr. James Moreau.[9]  However, sometime in 2024, MoreSMILES entered into a business arrangement with Star Dental Partners, a dental services organization whose business model is to acquire dental practices and manage their business operations "such as billing, insurance credentialing, payroll, and other administrative and operational functions."[10]  The office retained its trade name, MoreSMILES, for its business operations.[11]

In Louisiana, though, all dental practices must be owned and operated solely by dentists who are licensed to practice dentistry in the state.  *See* La. R.S. 37:776(A)(10)(a); La. R.S. 12:981. So, alleges Lockhart, "Hill Dental Corporation was formed for the purpose of Star Dental Partners affiliating with dental practices in Louisiana."[12]  The sole officer of Hill Dental Corporation, according to Lockhart, is Dr. David Little, a dentist licensed to practice in Louisiana.[13]  Following the MoreSMILES office's affiliation with Star Dental Partners, says Lockhart, Dr. Moreau and all clinical and non-clinical staff at MoreSMILES entered into an employment relationship with Star Dental Partners.[14]

---

[6] *Id.* at 2.

[7] *Id.* (indicating that Lockhart is domiciled in Orleans Parish); *id.* at 3 (indicating that Hill Dental Corporation is incorporated in Louisiana); R. Doc. 1 at 4 (indicating that Star Dental Partners, a limited liability company, has a sole member, a partnership comprised of partners who are citizens of only Florida, Texas, or Illinois).

[8] R. Doc. 1-1 at 1, 3-4.

[9] *Id.* at 4-5.

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 3.

[14] *Id.* at 4.

Lockhart was hired as an associate dentist at MoreSMILES and executed her employment contract on June 20, 2025.[15]  She says that she began work there on September 2, 2025,[16] which was the effective date of the employment agreement she entered with Hill Dental Corporation (defined in the agreement as "Company").[17] According to Lockhart, her employment agreement "provide[d] for two distinct compensation phases with a different pay structure applied to each period."[18]  The first phase, which was set to last from the start of her employment through December 31, 2025, is what Lockhart describes as a "fixed salary compensation period … during which [Lockhart was] paid at a set daily rate based solely on the number of days worked."[19] Lockhart's daily rate was $750.[20]  During the second compensation phase, set to begin after December 31, 2025, Lockhart would be "paid an amount set at the beginning of a Quarter based on the Company's approximation of the employee's 'earnings' for that Quarter, which is then reconciled at the end of the Quarter based on the Company's determination of the employee's 'actual earnings' from a formula applied to the amount of an employee's 'production' that the Company has actually collected."[21]

Lockhart resigned from MoreSMILES on January 2, 2026.[22]  In her state-court petition, Lockhart alleges that she resigned as a result of MoreSMILES's purported questionable billing practices and a dispute with Star Dental Partners over the compensation she would receive during phase two of her compensation structure.[23]  She claims that, less than two hours after she tendered her resignation, the regional director of Star Dental Partners, Keeambra Green, advised Lockhart

---

[15] *Id.* at 5.
[16] *Id.* at 10.
[17] *Id.* at 27-38.
[18] *Id.* at 7.
[19] *Id.*
[20] *Id.* at 8-9.
[21] *Id.* at 7-8 (quote at 8).
[22] *Id.* at 8.
[23] *Id.* at 10-14.

that while employed at MoreSMILES, she was compensated at a rate that exceeded her "'actual production and collections,'" which "'resulted in a financial deficit to the practice.'"[24] Lockhart further avers that the chief operating officer of Star Dental Partners, Andrew Kay, explained that the "deficit" which Lockhart accumulated while employed at the MoreSMILES office would likely exceed $30,000, and that Star Dental Partners expected Lockhart to repay the deficit within 30 days of its transmission of her "final reconciliation."[25] Lockhart also claims that, on January 9, 2026, the first regular payday following her resignation, she was only paid $7.50 per hour – the minimum wage in Louisiana – for the dental services she provided from December 21, 2025, until her resignation.[26] She contends that she was entitled to be compensated at a rate of $750 per day for the five days she worked during that period, in accordance with the terms of the first phase of her compensation structure.[27] After Lockhart sent Star Dental Partners and Hill Dental Corporation a written demand for payment of her wages for those five days,[28] Star Dental Partners demanded $34,998.00 from Lockhart in reimbursement of draws purportedly overpaid to her.[29]

After Lockhart instituted this action on June 3, 2026, and requested a summary proceeding in accordance with La. R.S. 23:631(B), the state court issued an order setting the matter for hearing on July 8, 2026, at 10:00 a.m.[30] Star Dental Partners removed the matter to this Court on June 6, 2026.[31] On June 12, Lockhart moved to remand the case,[32] seeking expedited consideration of her motion, which this Court granted.[33]

---

[24] *Id.* at 14 (quoting R. Doc. 1-1 at 55).
[25] *Id.* at 15 (quoting R. Doc. 1-1 at 57).
[26] *Id.* at 16-17.
[27] *Id.* at 16.
[28] *Id.* at 60-61.
[29] *Id.* at 62-64.
[30] *Id.* at 24-26.
[31] R. Doc. 1.
[32] R. Doc. 6.
[33] R. Docs. 7 (Lockhart's motion for expedited consideration of her motion to remand); 8 (this Court's order granting the motion for expedited consideration).

## II.    PENDING MOTION

In her motion to remand, Lockhart first argues that Star Dental Partners has the burden of proving that this Court has subject-matter jurisdiction, and Star Dental Partners has not met that burden with respect to diversity jurisdiction – which she says is the only possible basis for this Court's jurisdiction over the state-law claims asserted here.[34]    Although she acknowledges that Star Dental Partners sufficiently sets forth its own citizenship for purposes of diversity jurisdiction, Lockhart notes that the notice of removal does not allege the citizenship of Hill Dental Corporation.[35]    She contends that, because Star Dental Partners and Hill Dental Corporation are represented by the same attorney, Star Dental Partners must have knowledge that Hill Dental Corporation is a Louisiana citizen for purposes of diversity jurisdiction.[36]    Thus, says Lockhart, Star Dental Partners's omission of Hill Dental Corporation's citizenship is a "tacit omission that … this matter lacks complete diversity."[37]

Second, Lockhart submits that Hill Dental Corporation's Louisiana citizenship cannot be ignored simply because the company had not yet been served at the time of removal.[38]    She claims that, because Hill Dental Corporation had not been served, Star Dental Partners "appears to be … attempt[ing] to manufacture a basis for removal through the procedural move of a snap removal."[39] She argues that snap removal applies as an exception to the procedural forum-defendant rule, not as a method of manufacturing federal subject-matter jurisdiction where the parties are not completely diverse.[40]    She then says that Star Dental Partners' reliance on "snap removal" as a

---

[34] R. Doc. 6 at 6-8.
[35] *Id.* at 8-9.
[36] *Id.* at 9.
[37] *Id.* (emphasis omitted).
[38] *Id.* at 10-13.
[39] *Id.*at 10.
[40] *Id.* at 10-11.

basis to manufacture diversity jurisdiction is objectively unreasonable in light of well-settled governing law in this jurisdiction.[41]

Third, Lockhart urges that there is no basis upon which Star Dental Partners could argue that Hill Dental Corporation is improperly joined to the action.[42]  In support, Lockhart says that she has stated a plausible claim for recovery against Hill Dental Corporation insofar as she has alleged that the employment agreement she signed was an agreement with Hill Dental Corporation and provided that Hill Dental Corporation hired Lockhart to perform dental services.[43]

Finally, Lockhart argues that the Court should award her attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) because Star Dental Partners "'lacked an objectively reasonable basis for seeking removal.'"[44]  She maintains that Star Dental Partners' removal was objectively unreasonable because it ignored clear, well-settled case law; Hill Dental Corporation's in-state citizenship must have been known by Star Dental Partners; and Star Dental Partners removed the case within days of its filing and ahead of the impending July 8 state-court hearing, indicating that the removal's aim was really delay.[45]

In its opposition, Star Dental Partners primarily argues that Hill Dental Corporation's citizenship must be disregarded because it was not Lockhart's employer for purposes of the LWPA, and, thus, she has no basis for recovery from Hill Dental Corporation.[46]  Relying on *Williams v. Dutchtown Pharmacy, L.L.C.*, 24 So. 3d 221 (La. App. 2009), Star Dental Partners submits that Lockhart's "employer" for purposes of the LWPA is not necessarily the party that

---

[41] *Id.* at 13-16.
[42] *Id.* at 16-17.
[43] *Id.*
[44] *Id.* at 17 (quoting *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (5th Cir. 2018)) (alteration in original).
[45] *Id.* at 17-19.
[46] R. Doc. 9 at 1-2.

paid the employee's wages, but the party with the right to exercise control over the employee.[47] Then, says Star Dental Partners, Lockhart's "state-court petition is replete with [allegations of] control and dominion over her employment exercised solely by Star Dental [Partners], but none exerted by or attributed to [Hill Dental Corporation]."[48] Star Dental Partners concedes that it was Lockhart's employer under the LWPA, but it insists that Hill Dental Corporation was not, even though that company issued Lockhart's paychecks.[49] In support of this position, Star Dental Partners points to certain of Lockhart's personnel records that do not mention Hill Dental Corporation; indicates that Star Dental Partners was the entity that issued a separation notice to the state after Lockhart's resignation; and states that Star Dental Partners was the only entity that responded to Lockhart's wage demand.[50] Star Dental Partners also submits that Lockhart's employment agreement "was the product of Dr. Lockhart's extensive discussions and negotiations with Star Dental [Partners]" and that the agreement provided that Star Dental Partners "controlled all material aspects of the agreement and Dr. Lockhart's employment, including: approving Dr. Lockhart's schedule and vacation time off and changing to the terms of and/or amount of her draw."[51]

Star Dental Partners then argues that, even if this Court does grant Lockhart's motion to remand, it should deny her request for attorney's fees and costs because the allegations in Lockhart's complaint regarding her relationship with Star Dental Partners "provide a reasonable and objective basis for Star Dental's removal to this Court."[52]

---

[47] *Id.* at 3.
[48] *Id.*
[49] *Id.* at 6.
[50] *Id.* at 6-7.
[51] *Id.* at 7.
[52] *Id.* at 8-9 (quote at 9).

In her reply, Lockhart first contends that Star Dental Partners has not satisfied its burden with respect to the claim of improper joinder.[53] She submits that, to prevail on an argument of improper joinder, Star Dental Partners would have to show that Hill Dental Corporation "ha[d] no factual connexity to the underlying events or dispute," which she says Star Dental Partners has not done (and cannot do) because Hill Dental Corporation is the contracting party to her employment agreement and the sole owner of the dental office at which Lockhart worked.[54]

Second, Lockhart urges that the analysis commonly applied in LWPA cases (which Star Dental Partners advances) – whether an LWPA plaintiff is an employee of the defendant or an independent contractor – is not directly applicable given the facts underlying the dispute in this case.[55] Lockhart distinguishes *Williams* by noting that there, the entity which remitted payment to the employee "was simply a pass-through entity that the *plaintiff* had formed for tax purposes," whereas in the present case, Hill Dental Corporation owns the dental office at which Lockhart worked and is the only party to her employment agreement.[56] Further, Lockhart argues that the employment-relationship analysis focuses not on the actual supervision or control exercised by the purported employer, "'but whether, from the nature of the relationship, the right to do so exists.'"[57] She then submits that, under Lockhart's employment agreement, Hill Dental Corporation exercised control over Lockhart's employment, including the right to endorse insurance checks; the right to decide the office locations at which Lockhart would provide dental services; and the right of dismissal.[58] She also says that Hill Dental Corporation was responsible to the Louisiana Board of Dentistry for all patient services provided at the office.[59] Further, Lockhart asserts that she "clearly

---

[53] R. Doc. 10 at 2-3.
[54] *Id.* (quote at 2).
[55] Id. at 3-5 (citing *Crosby v. Cox Commc'ns, Inc.*, 2016 WL 6403348, at *5 (E.D. La. 2016)).
[56] *Id.* at 5 (emphasis in original).
[57] *Id.* at 5-6 (quote at 6) (quoting *Lang v. DirecTV, Inc.*, 801 F. Supp. 2d 532, 540 (E.D. La. 2011)).
[58] *Id.* at 6-7.
[59] *Id.* at 7.

states a claim against each Defendant [*i.e.*, Hill Dental Corporation *and* Star Dental Partners] as a joint employer" in accordance with Louisiana jurisprudence which recognizes co-employers under the LWPA.[60]

Lockhart's third contention in reply is that Hill Dental Corporation must necessarily be implicated in the dispute because it filed a breach-of-contract action against Lockhart in its pending suit in Louisiana's 22nd Judicial District (St. Tammany Parish), claiming that she owes Hill Dental Corporation nearly $35,000 for breach of the employment agreement.[61]  Further, notes Lockhart, Hill Dental Corporation "specifically alleges entitlement to recovery as a matter of the LWPA" in its breach-of-contract action.[62]  Finally, says Lockhart, Star Dental Partners' opposition includes "numerous statements regarding the operations and relationships of the parties that, if true, would violate Louisiana law," and thus "raises questions not only of the veracity of the representations, but … of the reasonableness of removal."[63]

Lastly, Lockhart again urges that Star Dental Partners lacked an objectively reasonable basis for removal and requests attorney's fees in the specific amount of $37,465.75.[64]

Star Dental Partners, in its surreply, first argues that because Lockhart named Hill Dental Corporation in this suit but "ignor[ed]" the St. Tammany lawsuit, Lockhart must not believe Hill Dental Corporation is her employer and thus named it in this suit solely to avoid removal.[65]  Star Dental Partners bases this assertion on the fact that Lockhart did not respond to Hill Dental Corporation's St. Tammany lawsuit, instead only filing exceptions to the suit which were mooted by Hill Dental Corporation's amending of the petition, and then, still not having answered Hill

---

[60] *Id.* at 7-8.

[61] *Id.* at 8.  The suit had originally been filed by Hill Dental Corporation as a concursus proceeding alleging that it was entitled to the amount Lockhart was disputing in unpaid wages.  R. Doc. 6-3.

[62] R. Doc. 10 at 9.

[63] *Id.*

[64] *Id.* at 10.

[65] R. Doc. 14 at 2-3 (quote at 3).

Dental Corporation's state-court suit, initiating this proceeding in state court in Orleans Parish only two days after Hill Dental Corporation's amended petition.[66]   Second, Star Dental Partners argues that Lockhart's allegations about which entity controlled her employment in her state-court lawsuit contradict the assertions in her reply brief.[67]   Star Dental Partners also submits that Hill Dental Corporation need not have been Lockhart's employer in order to remain compliant with Louisiana law mandating that dental practices in the state be owned and operated by Louisiana-licensed dentists.[68]   Third, Star Dental Partners distinguishes the legal theories asserted in this lawsuit and in Hill Dental Corporation's state-court lawsuit in an attempt to rebut the argument that Hill Dental Corporation is a party-in-interest to this lawsuit.[69]   It says that in the St. Tammany suit, the "claim is premised on [Hill Dental Corporation] being the payroll entity," whereas this suit requires Lockhart to prove that Hill Dental Corporation was her employer.[70]   Fourth and finally, Star Dental Partners reiterates that its basis for removal was objectively reasonable and argues that Lockhart should not receive attorney's fees or, in the alternative, that she should not receive the amount she requested in her reply brief because it is unreasonably high.[71]

## III.   LAW & ANALYSIS

### A.  Legal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship

---

[66] *Id.*
[67] *Id.* at 3-5.
[68] *Id.*
[69] *Id.* at 6.
[70] *Id.*
[71] *Id.* at 6-7.

between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).  Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

Removal of a case to federal court requires complete diversity.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  In addition to the requirement that the parties be completely diverse, § 1441(b)(2) permits a defendant to "remove a case from state court to federal court on the basis of diversity jurisdiction so long as none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"  *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1441(b)(2), and citing *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017)).  Where a party in question has been improperly joined, neither the lack of complete diversity nor § 1441(b)(2) will render an action nonremovable.  *Id.*  Instead, if a "plaintiff improperly joins a non-diverse defendant, … the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant."  *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).  The defendant can demonstrate improper joinder by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant in state court.  *Mumfrey*, 719 F.3d at 401.  The improper joinder doctrine is "a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming

11

improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "Under the second prong (inability to establish a cause of action), the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Id.* (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462 (emphasis in original). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

In *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004), the Fifth Circuit explained the procedure used by courts to determine whether a plaintiff has improperly joined a nondiverse defendant. A court first looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," and "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* at 573. However, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The Fifth Circuit "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. In conducting such an inquiry, the district court may "consider summary judgment-type evidence in the record, but [it] must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir.

12

2003).  Further, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor."  *Id.*

### B.  Analysis

#### 1.  Lockhart has a reasonable possibility of recovery from Hill Dental Corporation.

Star Dental Partners argues that there is federal diversity jurisdiction over this action because Lockhart cannot state a claim under the LWPA against Hill Dental Corporation, the nondiverse defendant.  The question in this case thus becomes whether Lockhart alleged facts that arguably establish "a reasonable basis for predicting that state law might impose liability" on Hill Dental Corporation under the LWPA.  *Campbell*, 509 F.3d at 669. The Court concludes that Lockhart has sufficiently alleged such a claim, including that Hill Dental Corporation and Star Dental Partners are jointly and severally liable as her co-employers.

"The Louisiana Wage Payment Act … is designed to compel the prompt payment of earned wages upon an employee's discharge or resignation."  *Russo v. OnPath Fed. Credit Union*, 388 So. 3d 1274, 1278 (La. App. 2024).  In LWPA actions, "[t]he plaintiff bears the burden of proving that he or she was an employee of the defendant-employer."  *Lannon v. Pherian, LLC*, 418 So. 3d 420, 433 (La. App. 2025).  To show that an entity is one's employer, the plaintiff-employee must demonstrate that the entity has the right to exercise control over the plaintiff-employee's work. *Williams*, 24 So. 3d at 225; *see also Mendoza v. Essential Quality Constr., Inc.*, 691 F. Supp. 2d 680, 686 (E.D. La. 2010).  Notably, "'[i]t is not the actual supervision or control which is actually exercised by the employer that is significant, but whether, from the nature of the relationship, the right to do so exists.'"  *Mendoza*, 691 F. Supp. 2d at 686 (quoting *Gordon v. Hurlston*, 854 So. 2d 469, 472 (La. App. 2003)); *Tillman v. La. Child.'s Med. Ctr.*, 2017 WL 1399619, at *3 (E.D. La. Apr. 19, 2017).

"[W]hether the plaintiff qualifies as an employee under the LWPA is a factual determination that must be decided on a case-by-case basis." *Lannon*, 418 So. 3d at 433 (quotation omitted). In LWPA cases, courts often resolve this question by determining whether the plaintiff and the defendant had an employment relationship or whether the plaintiff was an independent contractor of the defendant. *See, e.g.*, *Mendoza*, 691 F. Supp. 2d at 686; *Tillman*, 2017 WL 1399619, at *3-4; *Williams*, 24 So. 3d at 224-25; *Gordon*, 854 So. 2d at 472. Courts consider five factors in determining whether a plaintiff was an employee or an independent contractor. *Mendoza*, 691 F. Supp. 2d at 686. The five factors are:

> (1) whether there is a valid contract between the parties; (2) whether the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it; (3) whether the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) whether there is a specific price for the overall undertaking agreed upon; and (5) whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.

*Id.*; *see also Williams*, 24 So. 3d at 225.

The Court concludes that there is "'a reasonable basis for predicting that state law might impose liability'" on Hill Dental Corporation under the LWPA. First, to the extent that the five-factor independent-contractor test is applicable to the instant dispute, Lockhart has sufficiently alleged that Hill Dental Corporation had the right to exercise control over Lockhart. *See Mendoza*, 691 F. Supp. 2d at 686. Lockhart's employment agreement, which is attached to her state-court petition, shows that Lockhart entered into the employment agreement with Hill Dental Corporation, which the agreement refers to as the "Company."[72] The agreement provides, among other things, that "Employee [*i.e.*, Lockhart] agrees to conform to the rules, regulations, and

---

[72] R. Doc. 1-1 at 27.

14

policies of Company";[73] that "Employee shall devote all of Employee's professional dental practice and effort on behalf of Company exclusively, except for such volunteer and charitable services rendered by Employee";[74] and that "Employee is expected to work at least Thirty-seven (37) clinical hours per week during the Initial Term [a two-year period] with a mutual expectation to increase such clinical hours subject to Company's business needs."[75]   The agreement also provides that its term is two years long and will be renewed automatically unless terminated in writing at least 120 days prior to the end of the then-current term;[76] that the agreement may be terminated with immediate effect on the death or disability of the employee or for "cause";[77] and that Hill Dental Corporation, as the Company, may terminate the agreement for any reason with 90 days' written notice to Lockhart, as the employee.[78]   Accordingly, it is plain from the petition that Lockhart had a contract with Hill Dental Corporation, that she agreed to work for Hill Dental Corporation, that her work hours could increase depending on Hill Dental Corporation's business needs, and that Hill Dental Corporation could terminate her under certain conditions.

Second, Lockhart was paid by Hill Dental Corporation,[79] which – especially at the pleadings stage – indicates that Hill Dental Corporation may reasonably be liable under the LWPA as Lockhart's employer.  Star Dental Partners points to *Williams v. Dutchtown Pharmacy, L.L.C.*, for the notion that a party is not necessarily considered an "employer" under the LWPA simply because that party pays the employee's wages.  24 So. 3d at 224 (rejecting the proposition that the LWPA only "contemplate[s] an action brought by a laborer against the party who actually paid his wages").  But that holding is not applicable in the present case.

---

[73] *Id.*
[74] *Id.*
[75] *Id.* at 28.
[76] *Id.* at 29.
[77] *Id.* at 30.
[78] *Id.*
[79] *Id.* at 50.

In *Williams*, the plaintiff, Warren Christopher Williams, was a pharmacist who provided services for the defendant, Dutchtown Pharmacy, L.L.C. ("Dutchtown Pharmacy"). *Id.* at 223. At the suggestion of Dutchtown Pharmacy, and to save money on taxes, Williams formed a professional corporation, Chris Williams, Inc., and Dutchtown Pharmacy "paid all compensation for pharmacist services (including salary and a health insurance premium reimbursement) to Chris Williams[,] Inc., which in turn paid the wages to Williams personally." *Id.* Eventually, Williams terminated his work for Dutchtown Pharmacy, and he later instituted an action under the LWPA for unpaid wages. *Id.* Dutchtown Pharmacy argued that Williams had no right of action against it because Williams's professional corporation, rather than it, was the entity that directly paid Williams's salary and issued his employee tax forms. *Id.* at 224. The Louisiana appellate court rejected that argument, instead finding that the "actual employer in terms of ultimate control" over the employee was the party liable under the LWPA. *Id.* at 225. Then the court determined that Dutchtown Pharmacy was Williams's actual employer because (1) Williams worked solely for Dutchtown Pharmacy; (2) Dutchtown had the right to approve Williams's work hours, and he was "required to accrue and take vacation time based upon specific authority from Dutchtown" Pharmacy; (3) Dutchtown Pharmacy had the right to control and supervise his work generally; (3) Williams's work for Dutchtown Pharmacy was for a nonspecific duration; and (4) Chris Williams, Inc., was formed by Williams for the purpose of providing tax benefits to Williams individually, and the corporation's only revenue was the compensation it received from Dutchtown Pharmacy for Williams's services. *Id*.

Star Dental Partners submits that it is analogous to Dutchtown Pharmacy, and Hill Dental Corporation is analogous to Chris Williams, Inc. As a result, says Star Dental Partners, this Court must find that Lockhart cannot state a claim under the LWPA against Hill Dental Corporation

16

because Star Dental Partners is her actual employer.  But there are several notable distinctions between Hill Dental Corporation and Chris Williams, Inc.  First, Chris Williams, Inc. was a professional corporation formed by the employee on his own behalf for tax purposes to receive Williams's compensation from Dutchtown Pharmacy and then to remit that compensation to Williams personally.  *Id.* at 223.  In contrast, Lockhart alleges that Hill Dental Corporation is a dental corporation that has a business relationship with Star Dental Partners and owns and operates MoreSMILES to remain compliant with Louisiana law – a critical role Star Dental Partners cannot so easily dismiss since it is essential to the lawful employment of dentists in Louisiana.[80]  Second, Lockhart alleges that Hill Dental Corporation has an employment agreement with Lockhart, which expressly delineates their respective roles as employer and employee.  To the extent there was any contractual relationship in *Williams*, it was between Dutchtown Pharmacy and Williams, not his professional corporation.  In essence, the *Williams* court perceived Williams as standing in the shoes of his professional corporation for purposes of employee status vis-à-vis Dutchtown Pharmacy as his employer, whereas, in this case, Hill Dental Corporation is more aligned with Star Dental Partners in the position of employer vis-à-vis Lockhart as employee.[81]

Another Louisiana case, *Lannon v. Pherian, LLC*, may be more analogous to this case than *Williams*, as Lockhart notes.  There, the plaintiff Lannon worked for Pherian, LLC ("Pherian"), a construction company in Louisiana, and had not received his wages in full following the termination of his employment.  418 So. 3d at 426.  Pherian used Kymberly Group, a professional employer organization ("PEO"), to handle its workers compensation and payroll functions.  *Id.*

---

[80] R. Doc. 14 at 3-4 (setting out Star Dental Partners' own observation that Hill Dental Corporation "may retain power over dental standards and complying with the Dental Practices Act").

[81] In its motion to strike Lockhart's reply, Star Dental Partners concedes this relationship, observing that "[i]n referencing Dr. Lockhart's 'employment' with MoreSMILES in the St. Tammany Suit [*i.e.*, the concursus proceeding], [Hill Dental Corporation] appears as the representative of Star Dental, who is Dr. Lockhart's employer …."  R. Doc. 11 at 2-3.

17

While employed at Pherian, Lannon's paystubs and W-2 forms showed that his employer was Kymberly Group. *Id.*  However, Lannon had an employment agreement with Pherian. *Id.* at 427. The court found that "[f]or purposes of the LWPA, in a situation involving a PEO, the PEO is a co-employer with the other company." *Id.* at 432 (citing *West v. Bruner Health Grp., Inc.*, 866 So. 2d 260, 270 (La. App. 2003)).  The court continued:

> Thus, both the PEO and the other company owe the employee his salary and are solidarily liable to him in that regard.  The method in which the PEO and the other company chose to divide payroll responsibilities in fulfilling their obligation to the employee simply created a separate obligation vis-à-vis each other but did not eviscerate their coextensive obligation to the employee.  In such a situation, as stated in La. C.C. art. 1800, "A failure to perform a solidary obligation through the fault of one obligor renders all the obligors solidarily liable for the resulting damages.  In that case, the obligors not at fault have their remedy against the obligor at fault."

*Id.* (alterations, citations, and quotation omitted).  Star Dental Partners admits that Hill Dental Corporation's litigation position in the St. Tammany proceeding "is premised on being the payroll entity, i.e. the actual party who made payments (overpayments) to Dr. Lockhart."[82]  Under *Lannon*, this is enough to make plausible Lockhart's claim that Hill Dental Corporation is her co-employer along with Star Dental Partners.

Star Dental Partners also argues that Lockhart has not stated an LWPA claim against Hill Dental Corporation because her "state-court petition is replete with [allegations of] control and dominion over her employment exercised solely by Star Dental."[83]  This argument is not persuasive because the controlling inquiry is whether the employer had a right to supervise and control the employee rather than whether there was actual supervision or control and because both entities could reasonably be Lockhart's co-employers – which is precisely what she contends. *Williams*, 24 So. 3d at 225.  Therefore, so long as Hill Dental Corporation had the right to exercise

---

[82] R. Doc. 14 at 6.
[83] R. Doc. 9 at 3.

supervision or control over Lockhart's work in some material form or fashion (which is plainly evident from the employment agreement and how she was paid), her LWPA claim against Hill Dental Corporation is not defeated by her allegations that Star Dental Partners also exercised actual supervision or control over her work.

To be clear, Lockhart alleges that Star Dental Partners and Hill Dental Corporation "are jointly and severally liable to Dr. Lockhart for payment of her unpaid wages, penalty wages, and attorney's fees."[84]  And Star Dental Partners acknowledges that "Dr. Lockhart's claim is solely about wages she claims were due to her."[85]  With *Lannon* in mind, then, the Court finds that, given her extensive allegations of Star Dental Partners' control over her work and Hill Dental Corporation's contractual right to do so as her named employer and the entity that paid her, Lockhart has stated a reasonable basis for recovery against both parties under the LWPA – particularly when viewed through the lens of a Rule 12(b)(6) standard.  Whether Star Dental Partners and Hill Dental Corporation will ultimately be found to be Lockhart's co-employers is not for this Court to decide.  However, for purposes of removal, the Court holds that Lockhart has stated a viable claim against Hill Dental Corporation, at the very least, as a co-employer with Star Dental Partners.

In sum, because Lockhart's state-court petition sufficiently alleges that Hill Dental Corporation was contractually responsible for paying her (and did pay her) as her employer and had the contractual right to exercise control over her, and, alternatively, because the petition sufficiently alleges that Hill Dental Corporation and Star Dental Partners could be jointly and severally liable for her wages as co-employers, Hill Dental Corporation is not improperly joined.

---

[84] R. Doc. 1-1.
[85] R. Doc. 14 at 3.

19

As a consequence, there is no complete diversity, this Court has no subject-matter jurisdiction over the present action, and it must be remanded to state court.[86]

   **2.  The Court will not award attorney's fees and costs.**

The Court, in an exercise of its discretion, declines to award attorney's fees to Lockhart under 28 U.S.C. § 1447(c).  "In general, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  If the removing party could conclude from the case law that its position was not an unreasonable one at the time of removal, then it had an objectively reasonable basis for removal."  *Thomas*, 751 F. App'x at 540 (internal citations, quotations, and alteration omitted).  It cannot be said that Star Dental Partners did not have an objectively reasonable basis to seek removal, especially when considering Lockhart's own allegations about Star Dental Partners in the state-court concursus proceeding in conjunction with the Louisiana appellate court's analysis in *Williams v. Dutchtown Pharmacy, L.L.C.*

**IV.    CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Lockhart's motion to remand (R. Doc. 6) is GRANTED, and this case is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 30th day of June, 2026.

                                                                                  _____
                                                                                  BARRY W. ASHE
                                                                                  UNITED STATES DISTRICT JUDGE

---

[86] Additionally, notwithstanding Star Dental Partners' assertions concerning the amount in controversy, it is not clear that the requisite threshold is met.